UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PETER DAVID YOUNG, 08R0331,

            Plaintiff,

-v-                                      **DECISION AND ORDER**
                                                  09-CV-6639CJS

SUPERINTENDENT GREGORY T. KADIEN,
SUPERINTENDENT TAYLOR,
GLEN GOORD,
L. JANISH, and
SGT. D. WALL,

            Defendants.
_____

Plaintiff, Peter David Young, proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983. The Court directed plaintiff to file an amended complaint (Docket No. 8). Plaintiff has now filed an amended complaint (Docket No. 11).[1]

Plaintiff's amended complaint alleges that the defendants violated his constitutional rights by denying him dental care and subjecting him to verbal harassment. Plaintiff also alleges that the defendants have retaliated against him for filing grievances and for filing the instant litigation, have interfered with his religious rights, and have engaged in discrimination against him based on his hearing impairment.

---

[1] Plaintiff mailed numerous documents to the Court after filing the amended complaint. Two of these mailings were docketed as exhibits to the amended complaint (Docket Nos. 12, 13). Plaintiff's last mailing, dated April 21, 2010, states "I'm sending you letters and grievance for my case file as evidence to the charges" and plaintiff has sent eight attachments. Plaintiff is advised that he should not mail "evidence" to the Court at this time. If this case proceeds forward, plaintiff will have an opportunity to present evidence pursuant to a scheduling order issued by the Court.

The Court has reviewed plaintiff's amended complaint. For the reasons discussed below, plaintiff's claims regarding his dental care and interference with his religious rights may proceed forward. Plaintiff's claim of verbal harassment is dismissed. Plaintiff's remaining claims of retaliation, access to the courts and discrimination based on disability are subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) unless he files a second amended complaint as directed below.

## DISCUSSION

In his initial complaint, plaintiff summarily claimed that the defendants violated his constitutional rights by denying medical and dental care; allowing him to be sexually harassed by correction officers and inmates; engaging in sexual discrimination, physical brutality and verbal abuse and interfering with delivery of his mail and his freedom of religion. In its Order dated February 10, 2010, the Court advised the plaintiff that unless he amends his complaint, his claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) because they fail to state a claim upon which relief may be granted. Plaintiff was advised that in his amended complaint he should state facts, in more than conclusory terms, that support his claims and include who acted or failed to act with regard to these matters.

2

Plaintiff has now filed an amended complaint which the Court evaluates based on the screening provisions in 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

**DENTAL CARE**

Plaintiff alleges that he had teeth removed for medical reasons while in prison and has just three teeth remaining. He alleges that for a period of one and a half years, he has not been provided with further dental care to replace the missing teeth.

Plaintiff identifies the dentist as "John Doe Dentist," and alleges: "The dentist ruled that I needed my bottom teeth pulled. So he pulled them left me three teeth in my mouth and told me it would be replaced in a month. The dentist is on record. This was over a year and half ago still waiting." Plaintiff also alleges that he filed a grievance and that defendant, Superintendent Taylor, was sent a copy.

Plaintiff's claim regarding dental care meets the initial screening criteria and may proceed forward.[2]

**VERBAL HARASSMENT**

Plaintiff claims that he was verbally harassed with comments about his sexual preference by "John Doe Officers" in the Special Housing Unit and that the

---

[2] Plaintiffs, especially *pro se* incarcerated plaintiffs, should be given an opportunity to identify the unknown defendants through discovery. See Valentin v. Dinkins, 121 F.3d 72, 75 (2d Cir. 1997).

3

officers are spreading rumors about him. He alleges that these rumors are endangering his mental and physical well being. Plaintiff does not provide information in support of the conclusory allegation that he is in danger mentally or physically.

Plaintiff appears to be alleging that his Eighth Amendment right to be free of cruel and unusual punishment has been violated by this verbal abuse. However, "harassment or profanity alone, unaccompanied by any [physical] injury, no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983." *Shabazz v. Pico*, 994 F. Supp. 460, 471 (S.D.N.Y. 1998) (citation and internal quotation marks omitted); *accord*, *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (finding that plaintiff's allegations that he was bumped, grabbed, elbowed, and pushed by a corrections officer and subjected to isolated episodes of verbal and physical harassment do not singly or cumulatively meet the objective or subjective components of the Eighth Amendment standard); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (affirming the dismissal of a claim that a prison guard called plaintiff names).

Plaintiff alleges verbal harassment alone and therefore this claim does not allege a violation of his right to be free from cruel and unusual punishment. This claim must be dismissed.

**RETALIATION**

Plaintiff alleges that he was transferred from the Special Housing Unit at Gowanda prison to the Special Housing Unit at Collins prison and that this was done in retaliation for his filing grievances and for filing a lawsuit against defendants. Plaintiff does not name any individuals who were responsible for the alleged retaliatory transfer. Plaintiff also does not state that the conditions at Collins were any different from the conditions at Gowanda or that he suffered adverse harm.

It is well established that prison officials may not retaliate against inmates for exercising their constitutional rights. *See, e.g., Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995); *Franco v. Kelly*, 854 F.2d 584, 589 (2d Cir. 1988). To state a retaliation claim under § 1983, "a plaintiff must show that: (1) his actions were protected by the Constitution or federal law; and (2) the defendant's conduct complained of was in response to that protected activity." *Friedl v. City of New York*, 210 F.3d 79, 85 (2d Cir. 2000) (internal quotation and citation omitted). As to the second prong, a prisoner alleging retaliation must show that the protected conduct was "a substantial or motivating factor" behind the alleged retaliatory conduct. *See Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). Evidence that can lead to an inference of improper motive includes: (1) the temporal proximity of the filing of a grievance and the alleged retaliatory act; (2) the inmate's prior good disciplinary record; (3) vindication at a hearing on the matter;

5

and (4) statements by the defendant regarding his motive for disciplining plaintiff. *See Colon*, 58 F.3d at 872-73. Plaintiff has provided conclusory information only and has not alleged facts addressing improper motive.

Additionally, only those retaliatory acts that are likely to "chill a person of ordinary firmness from continuing to engage" in activity protected by the First Amendment are actionable under § 1983; in other words, allegations of *de minimis* acts of retaliation do not state a claim under § 1983. *Thaddeus-X v. Blatter*, 175 F.3d 378, 397 (6th Cir. 1999) (cited with approval in *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001)). *See Davidson v. Chestnut*, 193 F.3d 144, 150 (2d Cir. 1999) (on remand, district court to consider the "serious question" of "whether the alleged acts of retaliation . . . were more than *de minimis*" in deciding summary judgment motion). A *de minimis* retaliatory act is outside the ambit of constitutional protection. *Dawes*, 239 F.3d at 492. "This objective inquiry is 'not static across contexts,' but rather must be 'tailored to the different circumstances in which retaliation claims arise.'" *Id.* (quoting *Thaddeus-X*, 175 F.3d at 398).

Plaintiff has not alleged facts indicating that the conditions at Collins were adverse compared to the conditions at Gowanda. Plaintiff has stated only that he was transferred. These are insufficient allegations to support a claim of retaliation based on a transfer from one prison to another. *See Warren v. Goord*, No. 99 CV 296F, 2006 WL 1582385 (W.D.N.Y. May 26, 2006), *aff'd*, No. 06-

3349-pr, 2008 WL 5077004 (2d Cir. Nov. 26, 2008), *cert. denied*, No. 09-5243, 130 S.Ct. 1039 (Dec. 14, 2009).

Plaintiff's claim of retaliation is subject to dismissal for failure to plead sufficient facts. Plaintiff will be given an opportunity to amend this claim to avoid dismissal of this claim. Plaintiff should state what protected acts took place, when the protected acts took place, when he was transferred to another prison, who took action in regard to the transfer, and facts to support why he believes the transfer was in retaliation for his filing grievances and this legal action. Plaintiff should also state facts in support of how he has been adversely affected by his transfer from Gowanda to Collins.

If plaintiff does not file an amendment as directed above, plaintiff's claim of retaliation will be dismissed with prejudice.

### FREE EXERCISE OF RELIGION

Plaintiff alleges that his religious rights are being interfered with by Defendant Wall. Plaintiff states that he practices the religion of Creator of Heaven and Earth and all things Beautiful and his religious beliefs prohibit the cutting of his beard. Plaintiff alleges that he had a Suffolk County Court Order allowing him to grow his hair and beard for religious reasons that he has now misplaced. Plaintiff states that defendant Wall wrote a misbehavior report against him for his refusal to shave his beard and he was given additional time to produce a copy of the Suffolk County Court Order. Plaintiff states he was unable to get

7

the Order in the allotted time, was given another misbehavior report for refusal to shave his beard and he was ordered to spend time in the Special Housing Unit.

Plaintiff has alleged sufficient facts to allow this claim to proceed forward pursuant to the First Amendment to the United States Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1.

## ACCESS TO THE COURTS

Plaintiff alleges that he has been unable to verify that his outgoing legal mail has been processed by the defendants. Plaintiff makes general allegations about difficulty with his legal mail. He also specifically references concern with his amended complaint in this action being received by the Court. Plaintiff also references "a deadline of March 1, 2010 for my D.W.I. appeal" that he did not meet.

"Prisoners...'have a constitutional right of access to the courts, ..., grounded, as relevant to prisoners, in the constitutional guarantees of equal protection and due process.'" *Bourdon v. Loughren*, 386 F.3d 88, 92 (2d Cir. 2004) (citing *Bounds v. Smith,* 430 U.S. 817, 821 (1977)); accord *Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Murray v. Giarratano*, 492 U.S. 1, 11 n. 6 (1989); see also *Christopher v. Harbury*, 536 U.S. 403, 415 n. 12 (2002).

To state a claim of denial of access to the court based on the handling of mail, plaintiff must allege "that the interference with his mail either constituted an ongoing practice of unjustified censorship or caused him to miss court deadlines

8

or in any way prejudiced his legal actions. Mere 'delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation.'" *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (quoting *Jermosen v. Coughlin,* 877 F.Supp. 864, 871 (S.D.N.Y. 1995) (citations omitted)).

Plaintiff's general allegations about difficulty with his legal mail do not establish a constitutional violation. Plaintiff's allegations regarding difficulty in mailing his amended complaint in this action also do not establish a constitutional violation. The amended complaint was received by and filed with this Court in a timely manner pursuant to the Court's Order of March 17, 2010 granting plaintiff an extension of time to file his amended complaint and there was no prejudice to plaintiff (Docket No. 10).

Plaintiff's claim that his access to the Courts was interfered with in regard to his "D.W.I. appeal" is subject to dismissal for failure to plead sufficient facts. Plaintiff does not allege that he missed a court deadline or how he was prejudiced. He also does not state the name of any individuals who interfered with his D.W.I. appeal. Plaintiff will be given an opportunity to amend this claim to avoid dismissal of this claim. Plaintiff should provide information that includes the names of individuals involved in the interference, what each individual did or did not do and when the events took place. Plaintiff should also state where he was trying to file his "D.W.I. appeal," the deadline for filing the appeal and if he did file

9

the appeal. If plaintiff was unable to file the appeal because of the defendants' actions, he should state how he was harmed as a result.

If plaintiff does not file an amendment as directed above, this claim will be dismissed with prejudice.

**DISABILITY DISCRIMINATION**

Plaintiff alleges that prisoners and correctional officers "speak low" and he cannot hear them due to a hearing impairment. Plaintiff alleges that this conduct in general amounts to discrimination. Plaintiff does not name any individuals who are responsible for this alleged conduct.

As plaintiff was advised in this Court's Order of February 10, 2010, plaintiff's conclusory statements are insufficient allegations on which to base a claim. Plaintiff has not alleged sufficient facts to establish a claim pursuant to the Eighth Amendment to the United States Constitution, Title II of the Americans with Disabilities Act (42 U.S.C. § 12101 *et seq.*), or Section 504 of the Rehabilitation Act (29 U.S.C. § 794).

Plaintiff will be given an opportunity to amend his claim of discrimination. Plaintiff should state the extent of his "hearing impairment," the name of individuals involved in the alleged discrimination, what the individuals did or did not do, and how this has harmed the plaintiff. Plaintiff should also state when the events took place and the relief he is seeking in regard to this claim. If plaintiff does not file an amendment as directed above, this claim will be dismissed.

10

**PARTIES TO THIS ACTION**

Plaintiff is advised that a prerequisite for liability under a § 1983 claim is personal involvement by the defendants in the alleged constitutional deprivation. *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986). Such involvement on the part of a supervisory official may be shown in one of several ways:

> if he or she (1) directly participated in the violation; (2) failed to remedy the violation after learning of it through a report or appeal; (3) created a custom or policy fostering the violation or allowed the custom or policy to continue after learning of it; or (4) was grossly negligent in supervising subordinates who caused the violation.

*Sealey v. Giltner*, 116 F.3d at 51 (citing *Williams v. Smith*, 781 F.2d at 323-24). "The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim"). *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995). Plaintiff is advised that defendant Goord is subject to dismissal for his failure to allege his personal involvement in the acts of which he complains. Should plaintiff file a second amended complaint as directed above, the Court will evaluate the complaint to determine if defendant Goord should be dismissed as a defendant based on a lack of allegations regarding his personal involvement. If plaintiff does not file a second amended complaint, this Court will dismiss defendant Goord as a defendant.

## CONCLUSION

For the reasons set forth above, plaintiff's claims regarding his dental care and interference with his religious rights may proceed forward. Plaintiff's claim of verbal harassment is dismissed. Plaintiff's remaining claims of retaliation, access to the courts and discrimination based on disability must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A (b)(1) unless he files a second amended complaint by **June 21, 2010** in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff's claims against defendant Goord will be dismissed unless plaintiff files a second amended complaint with allegations of defendant Goord's personal involvement in the acts of which he complains.

Plaintiff is advised that the second amended complaint is intended to **completely replace** the prior complaint in the action. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." Arce v. Walker, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977)); see also Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants and regarding each claim he wishes to raise in this amended complaint, so that the second amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

## ORDER

IT HEREBY IS ORDERED, that plaintiff is granted leave to file a second amended complaint as directed above by **June 21, 2010**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the amended complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that plaintiff's claim of verbal harassment is dismissed with prejudice pursuant to 28 U.S.C. § § 1915(e)(2)(B) and 1915A (b);

FURTHER, that in the event that plaintiff fails to file a second amended complaint as directed above by **June 21, 2010,** his claims regarding dental care and interference with his religion as alleged in his amended complaint shall proceed forward;

FURTHER, that in the event that plaintiff fails to file a second amended complaint as directed above by **June 21, 2010,** his claims of retaliation, access to the courts and discrimination based on disability will be dismissed; and

FURTHER, that in the event plaintiff does not file a second amended complaint alleging the personal involvement of defendant Goord, defendant Goord will be dismissed as a defendant in this matter.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT COURT

Dated: May 5, 2010