UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PETER DAVID YOUNG, 08R0331,

          Plaintiff,

-v-

SUPERINTENDENT GREGORY T. KADIEN,
SUPERINTENDENT TAYLOR,
L. JANISH,
SGT. D. WALL,
BRIAN FISCHER,
SUPERINTENDENT BERBARY,
C.O. DAREL LAW LIBRARY OFFICER, and
T.B. HISSAIN GRIEVANCE OFFICIAL,

          Defendants.
_____

-PS-O-



DECISION AND ORDER
09-CV-6639CJS

## INTRODUCTION

Plaintiff, Peter David Young, proceeding *pro se*, has now filed a second amended complaint as ordered by the Court (Docket Nos. 14, 15). Plaintiff has also filed a second motion for a Temporary Restraining Order (Docket No. 19), and a second Application for Appointment of Counsel (Docket Nos. 17, 18).[1]

The Court has reviewed plaintiff's second amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). For the reasons set forth below, plaintiff's claims regarding dental care, interference with religious rights, retaliation, cruel and unusual punishment, and discrimination based on disability may proceed. Plaintiff's claim

---

[1] Plaintiff has also mailed numerous letters and copies of documents to the Court that provide an ongoing narrative of conditions at the prison and are not substantive legal pleadings. The Court advised plaintiff that he should not mail "evidence" to the Court (Docket No. 14, Order, Footnote 1). Plaintiff is again advised that should the case progress further he will have an opportunity to present evidence pursuant to a scheduling order issued by the Court. He should refrain from mailing information to the Court that is not a substantive legal pleading.

of denial of access to the courts is dismissed. Defendant Goord is dismissed as a defendant. Plaintiff's motion for a temporary restraining order and for appointment of counsel are denied.

## DISCUSSION

In its Order dated May 5, 2010, the Court advised plaintiff that his claims regarding denial of dental care and interference with religious rights may proceed forward but unless he amends his complaint, his claims of retaliation, denial of access to the courts and discrimination based on disability must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) because they fail to state a claim upon which relief may be granted (Docket No. 14). Plaintiff was advised that in his second amended complaint he should state facts, in more than conclusory terms, that support his claims and include who acted or failed to act with regard to these matters. Plaintiff was further advised that his claims against defendant Goord will be dismissed unless he files a second amended complaint with allegations of defendant Goord's personal involvement in the acts of which he complains.

Plaintiff has now filed a second amended complaint which the Court evaluates based on the screening provisions in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DENTAL CARE

As previously determined by the Court, Plaintiff's first claim for relief regarding the denial of dental care meets the initial screening criteria and may proceed forward.

## CONDITIONS OF CONFINEMENT
## RETALIATION

Plaintiff's second and third claims for relief are read together by the Court as claims of cruel and unusual punishment and retaliation for exercising his constitutional rights.

2

Plaintiff alleges not receiving meals, showers, laundry services and cleaning supplies. He further alleges that a situation was created that put his safety at risk and which led to his being assaulted by another prisoner. Additionally, plaintiff claims that he has a medical impairment that makes him unable to sleep on the top bunk of the bed in his cell and because his medical needs have been ignored he has been sleeping on the floor.

Plaintiff alleges that the actions are in retaliation for his filing of grievances. Additionally, he alleges that Corrections Officers destroyed his personal property, including his eyeglasses. Plaintiff states that the Corrections Officers said they were acting in response to his filing of this lawsuit and that if he stops writing grievances and if he would "sign off" on the lawsuit the defendants will stop their negative actions. Plaintiff's claims for relief regarding cruel and unusual punishment and retaliation for exercising his constitutional rights meet the initial screening criteria and may proceed forward.

## FREE EXERCISE OF RELIGION

As previously determined by the Court, plaintiff has alleged sufficient facts to allow his fourth claim to proceed forward pursuant to the First Amendment to the United States Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1.

## ACCESS TO THE COURTS

In his first amended complaint, the Court advised plaintiff that general allegations about difficulty with his legal mail do not establish a constitutional violation. Plaintiff was given an opportunity to amend this claim to provide additional facts regarding an allegation he had made about "a deadline of March 1, 2010 for my D.W.I. appeal" that he did not meet due to interference with his mail. Plaintiff's second amended complaint, however,

3

does not respond to the Court's direction regarding the D.W.I. appeal. Plaintiff did not state if he was unable to file the appeal and if so, how he was harmed. Instead, plaintiff continues to make general allegations about interference with his legal mail.

As plaintiff was previously advised, in order to state a claim of denial of access to the court based on the handling of mail, plaintiff must allege "that the interference with his mail either constituted an ongoing practice of unjustified censorship or caused him to miss court deadlines or in any way prejudiced his legal actions. Mere 'delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation.'" *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (quoting *Jermosen v. Coughlin,* 877 F.Supp. 864, 871 (S.D.N.Y. 1995) (citations omitted)). Plaintiff has not met this pleading requirement and this claim is dismissed.

## DISCRIMINATION

Plaintiff has responded to the Court's direction to amend his claim of discrimination based on his hearing impairment. Petitioner has now alleged that he has a hearing impairment, that he has not been provided with hearing aids, is housed in a cell with a solid door and a closed window and he cannot hear when officers outside of his cell are speaking to him. He further alleges that his hearing difficulty causes him to miss "call outs" and is causing other communication difficulties affecting his conditions of confinement.

Plaintiff has alleged sufficient facts to allow his sixth claim to proceed forward pursuant to the Eighth Amendment to the United States Constitution, Title II of the Americans with Disabilities Act (42 U.S.C. § 12101 *et seq.*), and Section 504 of the Rehabilitation Act (29 U.S.C. § 794).

4

## PARTIES TO THIS ACTION

### Personal Involvement

Plaintiff was advised that a prerequisite for liability under a § 1983 claim is personal involvement by the defendants in the alleged constitutional deprivation and that defendant Goord was subject to dismissal due to plaintiff's failure to allege his personal involvement. *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986). In plaintiff's second amended complaint he no longer names (former) Commissioner Goord as a defendant. Defendant Goord is therefore dismissed as a defendant.[2]

### John Does

Plaintiff alleges the actions of "unnamed" or "John Doe" individuals throughout his complaint. Plaintiff is advised that if he intends to name any additional defendants he needs to identify these individuals through discovery as soon as possible, and then apply to the Court for an order directing amendment of the caption and service on these defendants as soon as they have been identified.

## APPOINTMENT OF COUNSEL

Plaintiff previously applied to the Court for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) (Docket No. 3). Plaintiff was advised that his request for appointment of counsel was denied as premature because there was insufficient information before the Court to make the necessary assessment of plaintiff's claims under the standards

---

[2] In his second amended complaint plaintiff now names Commissioner Fischer and alleges he communicated with him by mail. Merely writing a complaint is insufficient to establish personal involvement, however, the defendant's action in response to the letter may give rise to personal involvement. *See Rivera v. Fischer, et al.*, 655 F.Supp.2d 235, 238(W.D.N.Y. 2009)(citations omitted). Plaintiff has plead sufficient facts to allow his claim against Defendant Fischer to proceed at this point.

5

promulgated by *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), as issue has yet to be joined (Docket No. 8). Plaintiff has now filed an additional motion for appointment of counsel (Docket Nos. 17, 18). This motion is denied for the same reason as in the prior order. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

## TEMPORARY RESTRAINING ORDER

Plaintiff previously applied to this Court for a temporary restraining order pursuant to Fed. R. Civ. P. 65 and his request was denied (Docket No. 8). Plaintiff has filed a second request for a temporary restraining order complaining in general about access to the courts and the prison law library, the verbal harassment he is receiving and the taking of his legal documents by defendants (Docket No. 19).

Plaintiff's allegations again do not show that immediate and irreparable injury, loss, or damage will result to plaintiff before the adverse party can be heard in opposition. Federal Rules of Civil Procedure 65(b). Plaintiff's motion for temporary relief is, therefore, denied without prejudice at this time. Plaintiff may renew his application for preliminary relief pursuant to Federal Rules of Civil Procedure 65(a) with notice to the defendants after defendants are served with the second amended complaint and file their answers.

## CONCLUSION

For the reasons set forth above, plaintiff's claims regarding dental care, interference with religious rights, retaliation, cruel and unusual punishment, and discrimination based on disability may proceed. Plaintiff's claim of denial of access to the courts is dismissed.

Further, Defendant Goord is dismissed as a defendant. Plaintiff's motion for a temporary restraining order and for appointment of counsel are denied.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's claims regarding dental care, interference with religious rights, retaliation, cruel and unusual punishment, and discrimination based on disability may proceed;

FURTHER, that plaintiff's claim of denial of access to the courts is dismissed with prejudice;

FURTHER, that Defendant Goord is dismissed as a defendant;

FURTHER, that plaintiff's motion for a temporary restraining order is denied;

FURTHER, that plaintiff's motion for appointment of counsel is denied;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the summons, second amended complaint, and this Order upon the named defendants without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint; and

FURTHER, that the Clerk of the Court is directed to amend the caption of this case to correspond with the caption on this Order.

SO ORDERED.

Dated: June 29, 2010
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge