UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PETER DAVID YOUNG,

                         Plaintiff,

                                                Case # 09-CV-6639-FPG

v.

                                                DECISION AND ORDER

SUPERINTENDENT GREGORY T. KADIEN,
SUPERINTENDENT JUSTIN A. TAYLOR,
SUPERINTENDENT JAMES BERBARY,
COMMISSIONER BRIAN FISCHER,
OFFICER DANIEL J. DAREL,
SERGEANT DAVID WALL, and
INMATE GRIEVANCE PROGRAM
SUPERVISOR LINDA JANISH,

                         Defendants.
_____

This matter is scheduled for a jury trial before the undersigned on August 26, 2013. The parties have both filed motions *in limine* (Dkt. ## 125, 128), which were discussed at the pre-trial conference held on August 9, 2013, and are ripe for decision.

## DISCUSSION

A. Plaintiff's Motion *in Limine*

Plaintiff seeks an order precluding the defense from introducing the details of his prior criminal convictions. At the pre-trial conference, the parties agreed that while the defendants could establish that Plaintiff is currently incarcerated and that he has prior felony convictions, the details of those convictions would not be discussed during the trial. Based upon this agreement, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

B. Defendant's Motion *in Limine*

Based upon a Decision and Order entered in this case on May 5, 2010, Defendants invoke the law of the case doctrine, and seek to preclude the Plaintiff from proceeding on the second and fifth causes of action listed in the amended complaint. In addition, they seek an order dismissing Commissioner Fischer from this action.

1. Second and Fifth Causes of Action

The fifth cause of action in Plaintiff's amended complaint alleged that his right to access the courts was violated. Defendants seek an order barring this cause of action from proceeding at trial, arguing that it is precluded under the May 5, 2010 Decision and Order. While the defendants cite to the May 5, 2010, they neglect to mention Judge Siragusa's subsequent decision and Order dated June 29, 2010, which clarified some earlier rulings, especially in light of the fact that an amended complaint was filed between the issuance of these two decisions.

Regardless, this motion is easily resolved, as Plaintiff agrees that Judge Siragusa dismissed this claim. After reviewing Judge Siragusa's Decision and Order of June 29, 2010, I agree. *See* Dkt. #20. ("Plaintiff's claim of denial of access to the courts is dismissed.") Since this claim was previously dismissed, the motion is DENIED AS MOOT.

The Defendants further argue that the second claim in the amended complaint is also barred under the law of the case doctrine. I disagree. This topic was also addressed in Judge Siragusa's June 29, 2010 Decision and Order (Dkt. #20), where he specifically held that "Plaintiff's second and third claims are read together by the Court as claims of cruel and unusual punishment and retaliation for exercising his constitutional rights." As such, the second and third claims will continue to be read together, and defendant's motion seeking to dismiss the second cause of action is DENIED.

2. Commissioner Fischer

As a threshold procedural matter, Defendant's motion relating to Commissioner Fischer is not really a motion *in limine*, but instead is a poorly disguised summary judgment motion. "The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir.1996) (internal citations and quotations omitted); *see also Wechsler v. Hunt Health Sys., Ltd.*, 381 F.Supp.2d 135, 140 (S.D.N.Y.2003) (citing *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984)). A motion *in limine* "is not a proper vehicle for a party to ask the Court to weigh the sufficiency of the evidence to support a particular claim or defense, because that is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards." *Pavone v. Puglisi*, No. 08 C 2389, 2013 WL 245745, at *1 (S.D.N.Y. Jan. 23, 2013) (citation omitted).

Putting aside the procedural problem, the question posed by the motion – whether Commissioner Fischer should have been dismissed from this case – was also addressed by Judge Siragusa in his Decision and Order of June 29, 2010. Dkt. #20. There, the Court determined that "Plaintiff has pled sufficient facts to allow his claim against Defendant Fischer to proceed at this point." That decision was entered some three years ago. Since then, the parties engaged in discovery, and presumably developed the record to determine whether or not sufficient facts exist to support the various causes of actions against the various defendants. After discovery, if a party wished to revisit this decision, they were free to seek summary judgment. However, neither party sought such relief. The present motion does not present any facts that would support the reconsideration of Judge Siragusa's prior decision regarding Commissioner Fischer.

Put another way, "whether or not the requisite facts exist and can be proven by testimony and evidence during trial is not discernible at this time…No motion for summary judgment was granted or even filed as to whether issues of material fact exist relating to this issue, and thus the law of this case should not be disturbed through the determination of an effectual motion for partial summary judgment filed as a motion *in limine*." *Hamza v. Saks Fifth Ave., Inc.*, NO. 07 CIV. 5974 FPS, 2011WL 6187078 at *4, (S.D.N.Y. December 05, 2011) citing *Point Productions, A.H. v. Sony Music Entm't, Inc.*, 215 F.Supp.2d. 336 (S.D.N.Y.2002). As a result, the defendant's motion to dismiss Commissioner Fischer from this action is DENIED.

## CONCLUSION

For the foregoing reasons, and as specified above, the motions *in limine* are GRANTED IN PART and DENIED IN PART. For purposes of clarification, the causes of action that remain and will be tried in this case are the following:

1) Deliberate medical indifference;

2) Cruel and unusual punishment and retaliation (combined second and third causes of action from the amended Complaint);

3) Violation of right to religious freedom; and

4) Violation of the ADA related to the Plaintiff's hearing issue.

IT IS SO ORDERED.

DATED:   August 19, 2013
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge